UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

    RICHARD KERN

                      Debtor,
-------------------------------------------------------------------X
BOARD OF TRUSTEES OF THE SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION
LOCAL UNION NO. 28 TRUST FUNDS,

                      Appellant/
                      Cross-Appellee,

    -against-

RICHARD KERN,

                      Appellee/
                      Cross-Appellant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-2437 (JMA)

**AZRACK, United States District Judge:**

      Appellant/Cross-Appellee and Board of Trustees of the Sheet Metal Workers International Association Local Union No. 28 Trust Funds (the "Funds"), and Appellee/Cross-Appellant Richard Kern have each filed notices of appeal concerning the Bankruptcy Court's April 9, 2017 ruling that granted the Funds summary judgment in part and granted Kern summary judgment in part. The Bankruptcy Court's April 9, 2017 ruling did not resolve all of the claims at issue and explicitly states that the "Court will schedule a trial to determine the non-dischargeable amount of money CSI deducted from employee paychecks for the Vacation Fund and did not remit to the Benefit Fund."

      There is no final judgment in this case and neither party has filed a formal motion for interlocutory appeal.

1

Nevertheless, the Funds' brief asserts that this Court has jurisdiction "over this appeal from a final judgment of the Bankruptcy Court." Kern's brief states, in one sentence, that the Bankruptcy Court's ruling constitutes a "final judgment or order" and asserts, in the alternative, that this Court has jurisdiction because it "has the power to grant leave to appeal if the Decision is not a final judgment or order."

Section 158 of Title 28 of the United States Code provides: "The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a)(3).

Neither 28 U.S.C. § 158 nor the Bankruptcy Rules provide guidance as to when a district court should exercise its discretion to hear an interlocutory appeal from a bankruptcy court. In re Futter Lumber Corp., 473 B.R. 20, 26 (E.D.N.Y. 2012). In determining whether to hear an interlocutory appeal from a bankruptcy court, district courts in this Circuit have looked to the standards that courts apply when deciding requests to certify an interlocutory appeal from a district court decision under 28 U.S.C. § 1292(b). Id. (quoting In re Cutter, No. 05-CV-5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006) for the proposition that "most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)"); see also Traversa v. Educ. Credit Mgmt. Corp., 386 B.R. 386, 388 (Bankr. D. Conn. 2008) ("In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court.").

Under § 1292(b), a district court may certify an interlocutory appeal when the order in question "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).  As in the § 1292(b) context, "courts dealing with the issue of interlocutory appeals in bankruptcy cases have consistently held that '[o]nly when 'exceptional' circumstances exist will a court entertain appeal of an interlocutory order.'"  In re Johns–Manville Corp., 47 B.R. 957, 960 (S.D.N.Y. 1985) (quoting In re D.H. Overmyer, No. 83-CV-394, slip op. (S.D.N.Y. Jan. 20, 1983)). "[T]o allow appeals of preliminary, non-final orders in bankruptcy cases 'would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'"  Id. (quoting In re Casco Bay Lines, 8 B.R. 784, 786 (Bankr. 1st Cir. 1981)).

Here, although there appear to be controlling questions of law as to which there are substantial grounds for difference of opinion and resolution of those issues could potentially terminate the litigation, the parties have not shown that exceptional circumstances exist that warrant entertaining an interlocutory appeal.  It appears that the remaining issues left for trial in this case will not require extensive litigation and, conceivably, could even be resolved on papers without requiring any witness testimony.  The parties do not argue to the contrary.

Accordingly, to the extent the parties have requested permission to file an interlocutory appeal, that request is denied and this appeal is dismissed.  If they desire, the parties may renew their arguments by filing appeals once the Bankruptcy Court addresses the open questions and issues a final judgment.

**SO ORDERED.**

Dated:  March 31, 2018
    Central Islip, New York

/s/ (JMA)_____
Joan M. Azrack
United States District Judge

3